```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

JERRY DONALD BILLINGSLEY,      *
# 303088,                       *
                                *
     Plaintiff,                 *
                                *    CIVIL ACTION NO. 22-00243-TFM-B
vs.                             *
                                *
KIWANIS CLUB NATIONAL FAIR,     *
                                *
     Defendant.                 *

### REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Jerry Donald Billingsley, an Alabama prison inmate, filed a *pro se* complaint on this Court's form for prisoner complaints under 42 U.S.C. § 1983. (Doc. 1). At the time of filing, Billingsley did not pay the filing fee and did not file a motion to proceed without prepayment of fees.[1]

In his complaint, Billingsley sought "compensation" for injuries he suffered as a "youth" when he fell from a hot air balloon "around [the] year 1992." (Id. at 4-5, 7). Specifically, Billingsley alleged that during the "National Fair of Kiwanis" in Marion, Alabama, he was "accidentally thrown" from a hot air balloon and suffered injuries including a broken collarbone. (Id.

---

[1] This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 2).

1

at 4).  Billingsley also suggested that the "compensation" he received at the time as a result of the accident was inadequate. (Id.).  Billingsley described his claim in this action as "Carrier for Hire," and he requested "full compensation of value of 231,000.000 million."  (Id. at 5, 7).

In an order dated July 7, 2023, the Court informed Billingsley that his complaint was deficient in several respects.  (Doc. 3). First, the Court explained to Billingsley that his complaint failed to properly identify any defendants to this action and failed to state a basis for this Court's subject matter jurisdiction.  (Id. at 2-6).  The Court informed Billingsley that "a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  (Id. at 3 n.1 (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)).  The Court also informed Billingsley of the requirements to properly invoke federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).  (Id. at 3-4).

The Court noted that Billingsley did "not cite or rely upon a specific statutory grant of jurisdiction, and although he utilize[d] this Court's § 1983 prisoner complaint form, '42 U.S.C. § 1983 is not a specific statutory grant of jurisdiction[.]'"  (Id.

2

at 3 n.1 (citation omitted)). The Court further explained that Billingsley's complaint failed to state a basis for federal question jurisdiction under 28 U.S.C. § 1331, since it "present[ed] no clear federal question and contain[ed] no citation or reference to a possible cause of action that arises under the Constitution or laws of the United States." (Id. at 5). The Court also explained that Billingsley's complaint did not properly invoke diversity jurisdiction because it "ma[de] no allegations regarding the citizenship of the unidentified defendant(s) and thus fail[ed] to allege sufficient facts to establish the existence of complete diversity of citizenship for jurisdictional purposes." (Id. at 6).

Additionally, the Court explained to Billingsley the basic pleading requirements for a complaint filed in federal court and noted that his complaint did not meet those basic requirements. (Id. at 6-8). Specifically, the Court informed Billingsley that his complaint did "not sufficiently identify what legal claim(s) Billingsley is attempting to assert in this action, what defendant(s) he is attempting to assert them against, and the factual grounds for such claim(s)." (Id. at 8). The Court also noted that when Billingsley initiated this action, he neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required. (Id. at 1).

The Court ordered Billingsley to file an amended complaint

that addressed and corrected the noted pleading deficiencies and stated a valid basis for this Court's subject matter jurisdiction by August 7, 2023. (Id. at 10). The Court also ordered Billingsley to either pay the filing fee or file a motion to proceed without prepayment of fees by August 7, 2023. (Id.). The undersigned cautioned Billingsley that his failure to fully comply with the Court's directives within the ordered time would result in a recommendation that this action be dismissed. (Id. at 11).

On July 14, 2023, Billingsley's copy of a Court order (Doc. 2) was returned as undeliverable, with a stamp indicating that Billingsley was no longer at Easterling Correctional Facility. (Doc. 4). A resulting search of the Alabama Department of Corrections' website revealed that Billingsley had been transferred to Bullock Correctional Facility.[2]

Accordingly, in an order docketed July 18, 2023, the Court *sua sponte* extended the time for Billingsley to comply with the Court's July 7, 2023 order (Doc. 3) through August 21, 2023. (Doc. 5). The Court also directed the Clerk to update Billingsley's address on file, and to send "copies of (i) the Court's order dated July 7, 2023 (Doc. 3), (ii) this Court's form for a motion to proceed without prepayment of fees in a prisoner action, and (iii) this Court's Pro Se Litigant Handbook, to Billingsley at his new

---

[2] Billingsley did not notify the Court of his change of address.

mailing address." (Id. at 3). The Court warned Billingsley that if he failed to comply with the Court's directives within the prescribed time, the undersigned would recommend that this action be dismissed. (Id.).

To date, Billingsley has not filed an amended complaint as directed, nor has he paid the filing fee or filed a motion to proceed without prepayment of fees, despite being ordered to do so no later than August 21, 2023. Further, Billingsley has not requested additional time to comply with the Court's orders, he has not indicated that he is unable to comply with the Court's orders, and he has provided no explanation for his failure to timely comply with the Court's directives. Additionally, the docket reflects that the orders and documents that were mailed to Billingsley on July 18, 2023, have not been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483

5

(11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Billingsley has made no apparent attempt to comply with the Court's directives for him to file an amended complaint and either pay the filing fee or file a motion to proceed without prepayment of fees by August 21, 2023, despite the Court's clear warning that his failure to comply with the Court's directives would subject this action to dismissal.  Nor has Billingsley explained his failure to comply with the Court's orders, indicated that he is unable to comply, or sought additional time within which to comply.  Billingsley's lack of response suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Billingsley's willful failure to prosecute this action and obey this Court's orders by timely filing a complying amended complaint and either paying the filing fee or filing a motion to proceed without prepayment of fees as directed,

it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

7

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **September, 2023.**

　　　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**