IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY DONALD BILLINGSLEY, # 303088, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIV. ACT. NO. 2:23-cv-00243-TFM-B |
| KIWANIS CLUB NATIONAL FAIR, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 5, 2023, the Magistrate Judge entered a Report and Recommendation which recommends that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  *See* Doc. 7.  No objections were filed, but on September 18, Plaintiff filed a motion to proceed *in forma pauperis* and requested the appointment of counsel.  *See* Doc. 8.  While the filing of the *in forma pauperis* motion seems to attempt to address one of the issues pointed out in the Report and Recommendation, it fails to file an amended complaint or otherwise the deficiencies noted in both the prior orders (Docs. 3, 5) and reiterated in the Recommendation.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and

fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

In addition to Rule 41(b) and Plaintiff's failure to comply with court orders, the Court also adds that without addressing the deficiencies previously noted, this Court is seemingly without subject matter jurisdiction.  Therefore, the Court overrules the objections and declines to appoint counsel.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there have been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Accordingly, this case is **DISMISSED without prejudice** and any motions are **DENIED as moot**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 3rd day of November, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE